No. 22053.

ROBERT J. DAVIS *v.* CECILIA J. DAVIS.
(426 P.2d 964)

Decided May 8, 1967.

COLLEEN G. VAN NOCKER, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

This action arises under the Reciprocal Non-Support statutes of the State of Colorado. The plaintiff in error, hereinafter referred to as Robert, and the defendant in error, to whom we will refer as Cecilia, were formerly husband and wife. They are the parents of minor children residing with the mother in the State of Idaho. Cecilia obtained a decree of divorce in Idaho.

In proceedings commenced in Colorado, Cecilia alleged that Robert, a resident of Denver, had failed to provide support for the children born as issue of the marriage. On March 8, 1963, the trial court ordered the payment of $75 per month as child support. Thereafter Robert sought entry of an order granting him visitation rights and his petition contained the allegation that the divorce court in Idaho had granted him visitation rights consisting of one month each summer. He sought abatement of support orders unless and until Cecilia permitted the children to come to Colorado for a visit one month in the summer.

An order entered on January 24, 1964, contained the following pertinent language:

"1. The defendant is in contempt of this Court for his failure to comply with the order heretofore entered in this cause, but there are extenuating circumstances such that he should not be punished for his contempt, at the present time.

"2. That the arrearages in this action amount to $350.00 (or possibly $450.00 if a missing money order cannot be located) as of December 13, 1963, and the defendant shall be required to make regular monthly payments on the same.

"3. That there is no reason why the defendant should not have visitation rights with his two minor children,

ERIN LEIGH and ERIC PAUL DAVIS. "IT IS, THERE-FORE, ORDERED, ADJUDGED, AND DECREED:

"1. That the defendant will pay into the Probation Department of this Court for the support of his minor children the sum of $75.00 each month. In addition, the defendant will make regular payments on the arrearages of $350.00 (or $450.00 as previously noted), which arrearage must be completely paid up by July 25, 1964.

"2. That the defendant's payments as described in the preceding paragraph of this order shall abate, however, in the event the plaintiff shall refuse to permit the above-named minor children to visit in the home of the defendant for one month each year — that is, from July 26, 1964, to August 26, 1964, and every year thereafter until further order of this Court. The defendant shall be required to pay all transportation costs relative to such visitation, but he shall be excused from the payment of $75.00 in child support during the period of such visits.

"DONE IN OPEN COURT this 24th day of January, 1964.

"Signed) Robert Fullerton
JUDGE"

On May 5, 1965, upon hearing of a citation previously issued, the trial court entered the following order:

"THIS CAUSE coming on to be heard this 5th day of May, 1965, on a citation for contempt of Court and the defendant's Motion to Dismiss said citation, the plaintiff not appearing, but being represented by ORRELLE R. WEEKS, Deputy District Attorney, the defendant appearing and being represented by COLLEEN G. VAN NOCKER, Attorney at Law, and the Court being fully advised in the premises, DOTH ORDER, ADJUDGE AND DECREE:

"1 That the defendant resume his support payments of $75.00 per month forthwith.

"2. That the District Attorney contact the plaintiff and ascertain if she is willing to allow the children to

come to Denver, Colorado this summer if the defendant personally travels to Idaho and brings the children with him." Another citation issued on September 7, 1965, in which the allegation was made that the child support arrearage amounted to $975. On October 22, 1965, upon hearing of this citation, Robert was adjudged in contempt and judgment entered that he serve four months in the county jail.

The sole argument made by counsel for Robert as grounds for reversal of this judgment is that the trial court made no formal entry of an order vacating and setting aside the order entered on January 24, 1964, by Judge Fullerton that defendant's payments shall abate "in the event the plaintiff shall refuse to permit the above-named children to visit in the home of the defendant for one month each year * * *." As already seen, the defendant was ordered to resume support payments at a hearing subsequent to the date of Judge Fullterton's order.

There is no transcript of evidence of events as shown by the testimony at any hearing conducted in the trial court. The record before us contains only the citations for contempt and the orders and final judgment entered thereon. Under such circumstances the judgment of the trial court is presumed to be correct. Nothing in the record presented to this court is sufficient to overcome the presumption of validity.

The judgment is affirmed.